**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose Melquiades
VELAZCO–HERNANDEZ,
Defendant-Appellant.**

**No. 77–2924.**

United States Court of Appeals,
Ninth Circuit.

Nov. 30, 1977.

Joseph Milchen, of McInerney, Milchen & Frank, San Diego, Cal., for defendant-appellant.

Howard B. Matloff, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ELY, WRIGHT and, CHOY, Circuit Judges.

PER CURIAM:

Velazco-Hernandez appeals from a district court order denying his motion to correct an allegedly illegal sentence. We affirm.

On July 11, 1977, appellant pleaded guilty to a charge of smuggling merchandise into the United States in violation of 18 U.S.C. § 545. The district court sentenced him orally as follows:

> It is adjudged that the defendant be committed to the custody of the Attorney General for imprisonment for a term of three years. The execution of such sentence to be suspended and the defendant placed on probation on the following terms and conditions: One, he be confined in a jail-type institution for a period of 90 days . . . .

On July 12, 1977 the written judgment of the court was filed stating that the defendant was committed to the custody of the Attorney General

> for 3 years, provided, however, pursuant to 18 U.S.C. § 3651, as amended, that said defendant shall be confined in a jail-type or treatment institution for a period of 90 days, and execution of the remainder of said sentence is suspended and the defendant is placed on probation for a period of 3 years. . . .

Appellant contends that there is a variance between the oral sentence pronounced and the written judgment and so the oral pronouncement made in his presence must control, citing *United States v. Munoz-Dela Rosa*, 495 F.2d 253 (9th Cir. 1974) involving oral concurrent sentences which the court sought to alter to consecutive sentences in its subsequent written judgment. We held that the unambiguous oral sentence controlled, there being a direct conflict between it and the written judgment.

Here, however, there is no conflict between the oral and the written edicts, any difference between them being of form rather than substance.

Appellant further contends that probation cannot be conditioned upon service of a portion of a sentence of imprisonment—that such a condition is void. In support of this contention he cites *Watkins v. Merry*, 106 F.2d 360, 361 (10th Cir. 1939) and *White v. Burke*, 43 F.2d 329 (10th Cir. 1930). Both of those cases construed and applied a section of the Probation Act (then 18 U.S.C. § 724, et seq.) which Congress amended in 1958 by Pub.L.No. 85–741, 72 Stat. 834 (18 U.S.C. § 3651) which in pertinent part now reads:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, *may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.*

(Emphasis supplied.) Since § 3651 permits "incarceration in a jail-type institution for a period of time as a further condition of probation," *United States v. Mollet,* 510 F.2d 625, 628 (9th Cir. 1975), appellant's argument fails.

AFFIRMED.