814 F.2d 1321
 Lennal Khabir SHABAZZ, Plaintiff-Appellant,
v.
Midge CARROLL, Superintendent, California Institution for
Men, United States of America, Attorney General of
California and Attorney General, United
States, Defendants-Appellees.
 No. 84-6391.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 30, 1986.
Decided April 10, 1987.
 
 Lennal Khabir Shabazz, Steven D. Schatz, and David Hazelkorn, Santa Ana, Cal., for plaintiff-appellant.
 Robert A. Pallemon, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before MERRILL, GOODWIN and FLETCHER, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 Lennal Khabir Shabazz appeals a judgment denying a writ of habeas corpus. Shabazz contends that: (1) his original federal sentence was illegal; (2) his probation was wrongly revoked; (3) the United States Parole Commission wrongfully denied him a parole hearing; (4) the time he spent in state custody should be credited against his federal sentence; and (5) the United States Marshal without lawful authority lodged a "detainer" against him while he was in state custody. Shabazz argues that the district court's review of his petition denied him due process and that the Bureau of Prisons transferred him from a federal prison in Arizona to a federal prison in Texas in violation of Federal Rule of Appellate Procedure 23(a). The government argues that he has failed to exhaust his administrative remedies. We will consider these claims in turn.
 
 
 2
 Shabazz contends that the original sentence ordered by the district court was illegal because (1) the weekend service component of the sentence usurps the authority of the executive branch to determine the manner in which a prison sentence is served; (2) the sentence exceeds the six-month maximum period of confinement on a "split sentence" under 18 U.S.C. Sec. 3651; and (3) the sentence violates the double jeopardy clause. These arguments are not supported by the relevant cases.
 
 
 3
 The original sentencing order, which required Shabazz to serve the first 165 days of his seven-year sentence on consecutive weekends in a jail-type institution, suspended the remainder of the sentence and put Shabazz on five years probation, was issued pursuant to 18 U.S.C. Sec. 3651. Section 3651 permits incarceration as a condition of probation. United States v. Velazco-Hernandez, 565 F.2d 583, 584-85 (9th Cir.1977) (per curiam). A court may require the incarceration to be served on weekends. United States v. Clayton, 588 F.2d 1288, 1291 (9th Cir.1979). However, if the sentence is construed as requiring incarceration followed by probation, rather than incarceration as a condition of probation, it would be illegal. Id. We have interpreted a similar sentencing order as imposing incarceration as a condition of probation. See Velazco-Hernandez, 565 F.2d at 584 (written judgment). Moreover, when there is no indication whether probation follows incarceration or incarceration is a condition of probation, we assume the latter. United States v. Rodriguez, 682 F.2d 827, 829 n. 1 (9th Cir.1982). Because we construe the order to impose incarceration as a condition of probation, the sentence was not illegal.
 
 
 4
 Second, the requirement that Shabazz spend 165 days on consecutive weekends in a jail-type institution does not violate the six-month limitation in 18 U.S.C. Sec. 3651. Although Shabazz would not have completed the incarceration requirement for about 20 months, he would have been confined for less than the 180-day maximum allowed by the statute.
 
 
 5
 Finally, the imposition of some incarceration as a condition of probation does not, as Shabazz argues, violate the double jeopardy clause of the fifth amendment. Section 3651 specifically authorizes incarceration in a jail-type institution as a condition of probation. Velazco-Hernandez, 565 F.2d at 585. Where Congress has clearly allowed such a sentence, there is no double jeopardy violation even if incarceration as a condition of probation, and the probation itself, are considered multiple punishments for the same offense. See Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).
 
 
 6
 Shabazz's probation was properly revoked because the violations on which the revocation was based took place during the probationary period. As discussed above, the weekend service is interpreted properly as a condition of probation, not incarceration prior to probation. Therefore, Shabazz' probation began at the time of the original sentencing.
 
 
 7
 The United States Parole Commission is competent to consider the time Shabazz spent in a state prison in determining whether he is entitled to a parole hearing. The district court made no recommendation in either the original judgment and probation order or the judgment revoking probation that Shabazz's federal sentence should be served concurrently with a pending state sentence. See United States v. Terrovona, 785 F.2d 767, 770 (9th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 2926, 91 L.Ed.2d 553 (1986). There were no pending state sentences at the time of the original sentencing.
 
 
 8
 The state sentence provided that it should run concurrently with the federal sentence. This would permit Shabazz in effect to serve his state sentence in federal prison while serving his federal sentence. In order to accomplish this, Shabazz should have been returned to federal custody to serve his federal sentence. The state authorities failed to return him. Shabazz now asks that this error be corrected by having the time spent in state prison credited against his federal sentence.
 
 
 9
 The intent of the state sentencing order was clear. While a state court has no power to modify a federal sentence, it would be unfair to Shabazz and serve no federal purpose to hold that the error of state authorities prevented the intent of the state sentence from being carried out. Accordingly, we hold that the time Shabazz spent in state prison should be credited against his federal sentence. No federal interest is prejudiced by Shabazz' failure to exhaust his administrative remedies. The government did not timely raise that point in the trial court.
 
 
 10
 Shabazz maintains that the federal detainer lodged against him was unlawful. The Interstate Agreement on Detainers Act, 18 U.S.C. App. II, Sec. 1, applies only to detainers based on untried charges. Because Shabazz had already been convicted of a federal offense, the detainer was properly lodged.
 
 
 11
 Shabazz was not denied due process in connection with the district court's review of his petition. The district court properly transferred his petition to the original sentencing judge because some of his claims arose under 28 U.S.C. Sec. 2255. See Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980) (claims brought under section 2255 challenge the sentence as imposed, not as executed). The district court also had jurisdiction to hear Shabazz' section 2241 claims because he was confined within the Central District of California when he filed his petition. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-501, 93 S.Ct. 1123, 1129-1132, 35 L.Ed.2d 443 (1973) (writ of habeas corpus may issue only from a court with jurisdiction over the prisoner or his custodian).
 
 
 12
 Finally, Shabazz was transferred from Metropolitan Correctional Center at Tucson, Arizona, to La Tuna in Anthony, Texas, in violation of Federal Rule of Appellate Procedure 23(a). Rule 23(a) provides that, pending review of a decision in a habeas corpus proceeding commenced before the federal court, the person having custody of the prisoner shall not transfer custody except by order of the court rendering the decision. There was no such order in this case. Because the transfer occurred in violation of the rule, we retain jurisdiction over the appeal. See United States ex rel McInery v. Shelly, 702 F.2d 101, 102 (7th Cir.1982), cert. denied, 461 U.S. 934, 103 S.Ct. 2102, 77 L.Ed.2d 309 (1983). It is not necessary to transfer Shabazz back to Arizona because review of his petition in this court is not prejudiced by his confinement in Texas. See Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir.1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983). Any new claims filed pursuant to 28 U.S.C. Sec. 2241 in which Shabazz challenges the execution of his sentence should be filed in the district in which he is in federal custody.
 
 
 13
 The judgment is affirmed in part and reversed in part. On remand the district court should fashion a judgment that will give Shabazz credit on his federal sentence for time spent in state custody.
 
 
 14
 Remanded.