953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Carl RAY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35423.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1992.*
Decided Jan. 21, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Ray pleaded guilty in district court to possession of 500 grams of cocaine with intent to distribute, in violation of 28 U.S.C. § 841(a)(1). He was sentenced to fifty-seven months of imprisonment and three years of supervised release pursuant to the United States Sentencing Guidelines. Ray later brought this petition in the district court for collateral relief under 28 U.S.C. § 2255. The district court dismissed Ray's petition. Ray appeals the dismissal, both on the merits and on the basis of alleged procedural irregularities which he claims deprived him of adequate collateral review in the district court. We affirm.
 
 DISCUSSION
 Alleged Procedural Irregularities
 
 3
 Ray contends that his petition was "split" by the Clerk's office in the District of Oregon and that, as a result, part of his petition was not considered by the district court. Ray offers no evidence that part of his petition was withheld from Judge Panner; rather, he assumes for three reasons that there was some procedural error. First, the district court's order dismissing Ray's petition discussed only the arguments raised in Ray's opening brief, and did not discuss the additional grounds for relief raised in his supplemental brief. Second, Ray's petition and the court's files associated with his conviction were sent from Eugene, Oregon to Judge Panner, the sentencing judge, in Portland, Oregon. Third, the Clerk's office assigned two different docket numbers, one criminal and one civil, to Ray's cases.
 
 
 4
 These allegations do not establish either that the petition was "split" or that Ray was deprived of full consideration of his petition in the district court. The district court was not under an obligation to discuss in its written opinion every ground advanced in Ray's briefs. We have no reason to doubt that Judge Panner undertook a conscientious review of Ray's petition. The transfer of Ray's petition and files to the sentencing judge, which Ray speculates effected the "splitting" of his petition, was appropriate because this petition was brought under section 2255. Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir.), vacated in part on other grounds, 833 F.2d 149 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). Finally, the assigning of two docket numbers to Ray's cases suggests nothing more than the obvious: Ray participated in one criminal case, the conviction we are now considering, and one civil case, the present collateral review of Ray's conviction and sentence. We conclude that Ray has not established the existence of any procedural irregularity which deprived him of appropriate review under section 2255.
 
 Selective Prosecution
 
 5
 We review the district court's dismissal of Ray's petition de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989).
 
 
 6
 Ray argues that he was selectively prosecuted because a joint state-federal drug enforcement task force elected to bring charges against him under federal law, rather than state law. To establish a prima facie case of selective prosecution Ray must show that others who are similarly situated were not prosecuted, and that his selection for prosecution was based upon an impermissible consideration such as race, gender, religion, or the desire to prevent the exercise of constitutional rights. United States v. Scott, 521 F.2d 1188, 1195 (9th Cir.1975), cert. denied, 424 U.S. 955 (1976).
 
 
 7
 Ray alleges that five defendants, three men and two women, were arrested at the same time by the task force for the same offenses. Ray further alleges that he was the victim of gender discrimination in that he and one other man were charged under federal law, while the two women and the remaining man were charged under state law. Ray also argues, relying on United States v. Williams, 746 F.Supp. 1076 (D.Utah 1990), that his procedural due process rights were violated by the state-federal drug enforcement task force's "unfettered" exercise of discretion which resulted in his being prosecuted under federal law. Ray's guilty plea precludes him from obtaining collateral relief on the basis of pre-plea constitutional violations. Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985).
 
 Ineffective Assistance of Counsel
 
 8
 Ray argues that he received ineffective assistance of counsel at his sentencing hearing because his attorney did not raise several unidentified objections to the presentence report. Ray did not raise this claim before the district court, however. We decline to entertain this claim, raised for the first time on appeal. Smith v. U.S. Parole Commission, 875 F.2d 1361, 1369 (9th Cir.1989).
 
 Firearm Enhancement
 
 9
 Ray objects to the district court's application of a two-level enhancement of his sentence pursuant to Sentencing Guidelines § 2D1.1(b) for possession of a firearm. We assume, without deciding, that this claim may be raised in a section 2255 proceeding. We find no error in the district court's ruling. The officers discovered a loaded .22-caliber handgun under Ray's bed when they arrested Ray at home. Under these circumstances, an enhancement was proper. See United States v. Willard, 919 F.2d 606, 609-10 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991); United States v. Restrepo, 884 F.2d 1294, 1295-96 (9th Cir.1989).
 
 Disparate Sentencing
 
 10
 Ray argues that he was the victim of inappropriate disparate sentencing because he received the same sentence as that given a codefendant whom Ray alleges engaged in more egregious conduct and had previous convictions.[1] Disparate sentencing alone does not constitute an abuse of discretion by the district court. United States v. Enriquez-Munoz, 906 F.2d 1356, 1358-60 (9th Cir.1990); United States v. Meyers, 847 F.2d 1408, 1416 (9th Cir.1988). Ray's sentence was appropriate under the Sentencing Guidelines.
 
 
 11
 Constitutionality of the Sentencing Guidelines
 
 
 12
 Ray argues that the Sentencing Guidelines are unconstitutional because they transfer sentencing authority from the court to the prosecutor. We have considered and rejected this separation of powers argument in United States v. Sanchez, 908 F.2d 1443, 1445-46 (9th Cir.1990). Ray's constitutional argument must fail.
 
 CONCLUSION
 
 13
 Ray did not establish the existence of any procedural irregularities which deprived him of a fair consideration of his habeas corpus petition. Each of Ray's substantive claims is without merit. We affirm the district court's dismissal of Ray's petition.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Ray was a first-time offender when sentenced by the district court