956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary T. MOORE, Defendant-Appellant.
 No. 91-6585.
 United States Court of Appeals,
 Fourth Circuit.
Submitted: August 28, 1991
Decided: March 3, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.
 Gary T. Moore, Appellant Pro Se. Susan Lynn Watt, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.
 Before PHILLIPS, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gary T. Moore, a federal prisoner, appeals from an order of the district court denying relief under 28 U.S.C. § 2255 (1988). Finding that further evaluation of one of Moore's claims is required, we remand.
 
 
 2
 Moore was indicted by grand juries in Virginia and Florida on numerous charges arising from fraudulent activities engaged in by corporations controlled by him. The indictments alleged fraud against both the Government and Moore's commercial lender. Moore pled guilty to some of the charges, some were dismissed by agreement, and Moore was found guilty by a jury on the others.
 
 
 3
 Though Moore was represented by counsel below, he filed an appeal with this Court acting pro se, and later withdrew it, again acting pro se. Several of his co-conspirators did pursue an appeal and their convictions were affirmed. United States v. Mack, No. 89-5520 (4th Cir. Feb. 26, 1990) (unpublished), cert. denied, 59 U.S.L.W. 3245 (U.S. 1990). Moore subsequently filed the present motion under § 2255 in the Eastern District of Virginia raising six grounds for relief, including a claim that counsel would not represent him on appeal. The district court denied the motion without a hearing. Moore filed a timely notice of appeal.
 
 
 4
 Moore was represented at trial by appointed counsel. However, Moore filed his notice of appeal pro se. In the notice Moore stated that trial counsel desired to be replaced by someone with more appellate experience. Subsequently, Moore withdrew the appeal, again acting pro se. The Government did not offer any evidence, such as an affidavit by defense counsel, in opposition to Moore's ineffective assistance claim. The only information provided by the Government was contained in the "Argument" section of its answer to Moore's motion, and the bulk of this would appear to support Moore's claim. The Government stated that defense counsel had stated that he told Moore that, "[H]e did not consider defendant's case had merit on appeal and that he did not wish to handle an appeal on behalf of [Moore]." The Government states, though, that counsel denied "refusing to handle an appeal in accordance with his appointment by the Court." The district court's opinion states that defense counsel's performance at trial and during sentencing was "exemplary," but makes no specific finding as to counsel's performance on appeal. Concluding that Moore had not carried his burden of showing that counsel's performance was not within the range of competence allowed, the court denied relief.
 
 
 5
 Moore was entitled to effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). The two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), applies to claims of ineffective assistance by appellate counsel as well. Evitts, 469 U.S. at 395. However, if a petitioner was functionally deprived of counsel then prejudice is presumed. Penson v. Ohio, 488 U.S. 75, 88 (1988). Certain minimum obligations are placed upon counsel in criminal cases. Anders v. California, 386 U.S. 738 (1967). Thus, even where counsel considers an appeal to be meritless, he is required to file a brief with this Court, and must move in this Court for leave to withdraw before he may cease representing a client. Id.
 
 
 6
 Moore claimed that counsel would not assist him on appeal. This claim was supported by documents contained in the record before the district court on the § 2255 motion, namely Moore's pro se notice of appeal and his motion for leave to withdraw the appeal.* The Government did not offer any evidence in opposition; the only support for its opposition was contained in an ambiguous statement by defense counsel paraphrased in the Government's answer. This was an insufficient basis for dismissal of Moore's claim.
 
 
 7
 Accordingly, we remand this case to the district court for further consideration of Moore's claim that he was denied the effective assistance of counsel on appeal. The district court should obtain additional evidence, see Rules 7 and 8, Rules Governing Section 2255 Proceedings, and make additional findings of fact and conclusions of law as required. In particular, the district court should determine precisely what assistance counsel provided on appeal, and whether his actions complied with the requirements of Anders. Upon completion of its review, the district court should recertify the record to this Court, at which point we will continue review of Moore's entire appeal.
 
 
 8
 Moore has also filed a motion seeking a transfer to the Federal Prison Camp at Nellis Air Force Base. Moore was incarcerated at Nellis when he filed this appeal. He states that he has subsequently been transferred to three other facilities and he argues that these transfers violated Fed. R. App. P. 23(a).
 
 
 9
 Assuming for the purposes of this appeal that rule 23(a) applies to actions under § 2255 as well as those unders 2254, we find that Moore's transfers do not deprive us of jurisdiction, see Corgain v. Miller, 708 F.2d 1241, 1246 (7th Cir. 1983); Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981), nor has Moore shown that he has been prejudiced in pursuing this appeal by reason of the transfers, see Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir. 1987), vacated in part on other grounds, 833 F.2d 149 (9th Cir. 1987), cert. denied, 487 U.S. 1207 (1988); Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982), cert. denied, 460 U.S. 1042 (1983). Accordingly, we deny the motion for transfer.
 
 
 10
 Because an additional opportunity for briefing will be provided when the record is returned to this Court, we deny Moore's motion for an extension of time to file a reply brief.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REMANDED
 
 
 *
 Moore has provided additional details relevant to this claim in his informal brief in this Court. He contends that he did not provide this information to the district court because he was transferred between institutions while his case was pending and did not receive notice of the Government's answer to his motion. We do not consider this information; however, Moore will be able to present it to the district court on remand