UNITED STATES of America,
Plaintiff–Appellee,

v.

Kelvin R. STEELE, Defendant–
Appellant.

No. 91–10176.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 1993.*

Decided March 22, 1993.

Randy Sue Pollock, San Francisco, CA, for defendant-appellant.

Ross W. Nadel, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: PREGERSON, BOOCHEVER, and BEEZER, Circuit Judges.

PER CURIAM:

In 1985, Kelvin R. Steele pled guilty to two counts of armed bank robbery, both pre-Guidelines offenses. The district judge sentenced Steele to concurrent twenty-five year prison terms. The judge also ordered that Steele would become eligible for parole under 18 U.S.C. § 4205(b)(2). This section provides for parole at the discretion of the Parole Commission. In 1990, this Court vacated Steele's sentence and remanded the case for resentencing, directing

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); Ninth Circuit Rule 34–4.

the district court to make the necessary findings and determinations required by Fed.R.Crim.P. 32. *U.S. v. Steele,* 902 F.2d 42 (9th Cir.1990).

The district judge again sentenced Steele to concurrent twenty-five year prison terms. This time, however, the district judge ordered Steele eligible for parole under 18 U.S.C. § 4205(a). Section 4205(a) requires a prisoner to serve one-third of the sentence before becoming eligible for parole.

Steele appeals on two grounds. First, Steele contends that the district court abused its discretion and considered his prior history of arrests, not convictions. Second, he claims the district court unconstitutionally increased his sentence by denying his request for a parole provision under 18 U.S.C. § 4205(b)(2).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291; we vacate and remand for resentencing.

### I

■ We review the legality of a criminal sentence *de novo. United States v. Roberson,* 896 F.2d 388, 390 (9th Cir.), *modified on other grounds,* 917 F.2d 1158 (1990). We review the sentence itself for abuse of discretion. *Id.* In a pre-Guidelines case, the defendant cannot appeal the sentence imposed. *United States v. Kimball,* 975 F.2d 563, 567 (9th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993). The district court's resolution of controverted matters in the pre-sentence report is reviewed only for abuse of discretion, and we are free to affirm on any basis shown in the record. *Id.*

### II

■ Steele contends that the district court erroneously focused on his prior history of arrests and not convictions when

sentencing him. However, the record clearly shows that the district court properly considered Steele's prior convictions as the basis for the sentence. *See* Findings and Determination, February 26, 1991. We find no error.

### III

■ Steele contends the district court unconstitutionally increased his sentence by not ordering parole eligibility under 18 U.S.C. § 4205(b)(2).[2] He claims this resulted in a more severe sentence than he had previously received, contrary to the principles established in *North Carolina · v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We agree.

Steele's resentencing to two concurrent twenty-five year terms with parole eligibility controlled by 18 U.S.C. § 4205(a) is a harsher sentence than his previous sentence of two concurrent twenty-five year terms with parole eligibility under 18 U.S.C. § 4205(b)(2). *See United States v. Gilliss,* 645 F.2d 1269, 1283–84 (8th Cir. 1981) (holding that district court failure to resentence defendant to parole eligibility as previously sentenced deprived him of the possibility of earlier parole); *United States v. Hawthorne,* 532 F.2d 318, 323–325 (3d Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976) (concluding that the district court's failure to resentence the defendant with parole at the discretion of the Board of Parole as it had previously done constituted a more severe sentence within the meaning of *Pearce* ); and *United States v. Barash,* 428 F.2d 328, 331 (2d Cir.1970), *cert. denied,* 401 U.S. 938, 91 S.Ct. 928, 28 L.Ed.2d 217 (1971) (absent justification, *Pearce* prohibits an increase in the punishment imposed after a conviction on retrial regardless of the form—imprisonment, suspended sentence with probation, or fine).

---

**1.** Ironically, this issue comes quite close to being moot. Steele has been in federal custody since February 26, 1985. One-third of his sentence equals 100 months; this time period will expire at the end of June 1993.

**2.** 18 U.S.C. § 4205(b)(2) provides in pertinent part:

Upon entering a judgment of conviction, the court … may specify that the prisoner may be released on parole at such time as the Commission may determine.
18 U.S.C. § 4205(a) provides:
Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms. . . .

Because the district court unconstitutionally increased Steele's sentence, we VACATE and REMAND for resentencing.