21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley H. KOACH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles E. COLBURN, III, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley H. KOACH, Defendant-Appellant.
 Nos. 92-10616, 92-10639, 93-10148.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 16, 1994.
Decided April 22, 1994.
 
 Before: POOLE, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bradley H. Koach and Charles E. Colburn, III were charged with numerous counts of securities fraud arising out of a 1986 scheme to obtain money (to pay off investors in earlier deals) by inducing investors to buy interests in six limited partnerships that were formed to acquire, cultivate, and market orchids and other tropical plants. Through their company, FPI, they obtained over $2 million by sending private placement memoranda which the indictment charged failed to make a number of material disclosures. Koach was convicted on 20 counts and Colburn on 13 counts. They appeal their securities fraud convictions, and Koach appeals from the sentence on three tax charges to which he entered a guilty plea. We affirm the judgment in all three cases.
 
 
 3
 * A
 
 
 4
 Koach first argues that the court erred in instructing that the duty of full disclosure under the securities laws is nondelegable, and declining to instruct that evidence of disclosure to a third party who was not an investor may be evidence that the defendant lacked intent to violate the statute.[1] He claims that in the real world, the duty of disclosure must be delegable, and that to instruct otherwise eliminates the requirement that the jury find intent and amounts to an instruction that intent be presumed contrary to Carella v. California, 491 U.S. 263 (1989) and Sandstrom v. Montana, 442 U.S. 510 (1979). He further contends that the court erred in excluding evidence of disclosures Koach and Colburn claim were made to "old" investors.
 
 
 5
 We need not decide whether there was instructional error, because even if the instruction should not have been given, it was harmless in light of the record and the instructions as a whole. Yates v. Evatt, 111 S.Ct. 1884, 1893 (1991); Chapman v. California, 386 U.S. 18, 24 (1967). The PPMs for the "new" 1986 partnerships themselves precluded oral disclosures by broker-dealers. To the extent there was evidence that Koach had told Dan Stager, the broker-dealer on the "new" investments, about the material omissions, and that Koach and Colburn believed any such disclosure sufficed, the jury was properly instructed on the good faith defense and could fully evaluate their defense under the good faith instruction. Therefore, whether or not the "non-delegable duty" instruction was necessary in this case, we cannot say it misled the jury or required it to make an impermissible inference.
 
 
 6
 Nor did the court improperly preclude introduction of evidence about disclosures to "old" investors. The indictment pertains to six partnerships formed from April 1986 through December 1986. Disclosures, if any, to "old" investors (those who signed up before April 1986) do not speak to Koach's and Colburn's intent to defraud "new" investors (within the indictment period), to whom no disclosures were made.
 
 B
 
 7
 Koach argues that the court erroneously failed to instruct that he could be convicted of aiding and abetting only upon proof of voluntary participation in the scheme with the intent to violate each element of the offense. Rather, he submits that it should have instructed that "mere presence" at the commission of a crime and knowledge that a crime is being committed are insufficient.
 
 
 8
 The government need not prove that Koach and Colburn intended to violate each element of the principal's offense; it need only show that they knowingly provided substantial assistance to another's violation. United States v. Kessi, 868 F.2d 1097, 1103 (9th Cir.1989). The aiding and abetting instruction was therefore correct. It is not clear why a "mere presence" instruction is germane in the circumstances of this case; in any event, the district court instructed that the jury had to find that Koach and Colburn acted willfully, knowingly, and intentionally, and that an "honest belief or good faith belief" that statements and representations were true was a complete defense. In light of the instructions that were given, there can be no error in failing to discuss "mere presence."
 
 C
 
 9
 Koach next contends that repetition of "reckless disregard" instructions confused the jury by equating reckless conduct with intent to defraud, and that the court erred by failing to instruct on willfulness as a necessary element.[2] When "knowingly" and specific intent are both repeatedly defined, as they were here, the failure also to define "willfulness" is not plain error. See United States v. Chambers, 918 F.2d 1455, 1460 (9th Cir.1990); United States v. Glover, 846 F.2d 339, 344-45 (6th Cir.), cert. denied, 988 U.S. 982 (1988).
 
 
 10
 Nor is repetition of "reckless disregard" an abuse of discretion. The court correctly stated the law, see United States v. Farris, 614 F.2d 634, 638 (9th Cir.1979), cert. denied, 447 U.S. 926 (1980); repeating the correct statement does not make it an abuse of discretion.
 
 D
 
 11
 Koach argues that the court abused its discretion by excluding a videotape of disclosures to an Alaska audience of "old" investors. United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir.1992) (per curiam). Because the indictment only charges him with scheming to defraud both "investors and potential investors in the six limited partnerships," disclosures to prior investors were irrelevant. The tape was therefore not relevant on direct examination. Nor did the government's referring to the fact that Koach told the "old" investors in Alaska that Agretech had engaged in a "Ponzi" scheme (at the same time that Koach was not telling "new" investors the same thing) require admission of the entire tape recording and transcript under the rule of completeness in Fed.R.Evid. 106. Nothing in the tape indicates that Koach did not know about the Ponzi scheme or was disclosing it to "new" investors. Thus, the whole tape was not necessary in order to permit Koach to explain the testimony that was adduced and so was no more relevant after cross-examination than before. United States v. Brown, 720 F.2d 1059, 1071 (9th Cir.1983). The district court did not, therefore, abuse its discretion. United States v. Dorrell, 758 F.2d 427, 434 (9th Cir.1985).
 
 E
 
 12
 Koach argues that the trial court's conduct of the trial was so unfair that his Sixth Amendment right of confrontation was violated. Questions regarding the admissibility of evidence involving factual determinations, and a court's control over questioning at trial, including restricting cross-examination of a witness, are reviewed for abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 n. 9 (9th Cir.1991); United States v. Perkins, 937 F.2d 1397, 1405 (9th Cir.1991). Alleged violations of the confrontation clause are reviewed de novo. United States v. George, 960 F.2d 97, 99 (9th Cir.1992).
 
 
 13
 Koach asserts that the court unfairly limited cross-examination in a number of respects. We have reviewed each instance of claimed error, and find none that is an abuse of discretion. Refusing to permit questions that are irrelevant or beyond the scope of direct examination, stating that a lawyer's questions "are not evidence," and excluding cumulative evidence such as Koach's testimony about operating results in the PPMs, are not an abuse of discretion. United States v. Dischner, 974 F.2d 1502, 1514 n. 12 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993); United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). Likewise, the court did not improperly decline to allow cross-examination of Thomas Hayes, Agretech's trustee in bankruptcy. Whether insurance payments were counted as sales or income, the non-billable time the trustee's staff spent, and his knowledge of collateral matters were all irrelevant; and inquiry into Koach's disclosures in letters to other investors called for hearsay. Precluding Koach's expert, Stanley Wachi, from testifying about the reasonableness of Koach's and Colburn's reliance on expert accountants and lawyers was likewise within the court's discretion, as the reasonableness of reliance is not " 'beyond the common knowledge of the average layman.' " United States v. Peralta, 941 F.2d 1003, 1009 (9th Cir.1991) (quoting United States v. Winters, 729 F.2d 602, 605 (9th Cir.1984)), cert. denied, 112 S.Ct. 1484 (1992). None of the other errors cited, including admission of harmful hearsay and questions by the trial judge, requires reversal.
 
 
 14
 Koach also argues that the court restricted him from obtaining compulsory process of witnesses. However, Koach never made a "satisfactory showing" that any particular witnesses were required for an adequate defense, United States v. Sims, 637 F.2d 625, 627 (9th Cir.1980), or that he was unable to pay the witnesses' expenses himself, United States v. Binder, 794 F.2d 1195, 1200 (7th Cir.), cert. denied, 479 U.S. 869 (1986). See Fed.R.Crim.P. 17(b). Therefore, it was not an abuse of discretion not to pay for the witnesses.
 
 
 15
 Finally, Koach argues that the court's refusal to let one of his lawyers, Dennis E.W. O'Connor, make the closing argument--even before O'Connor stated he would not do so--shows bias against Koach. This argument lacks merit. O'Connor had not been present for the first five days of trial, and the jury was not voir dired about him even though he was running for Mayor and a public figure. Koach had several other attorneys who attended the entire trial who could (and did) make the closing argument. In the circumstances, not allowing O'Connor to argue was not an abuse of the court's discretion to supervise trials. Laurins, 857 F.2d at 537.
 
 II
 
 16
 * Colburn argues that his lawyer, John Lockie, should not have been disqualified on the footing that he was a percipient witness to a meeting in which Colburn was told about the fraudulent nature of Agretech's business, and therefore had a conflict of interest in cross-examining the two individuals who so advised Colburn. Pretrial disqualification is reviewed for abuse of discretion. United States v. Kenney, 911 F.2d 315, 320 (9th Cir.1990). The court is given "substantial latitude" to refuse waivers of potential conflicts. Id. In a colloquy with the court, however, Colburn explicitly refused to waive any conflict of interest arising from Lockie's inability to cross-examine the investigators regarding that meeting. Disqualification of counsel is required in the absence of a waiver where a probability or potential for conflict exists. United States v. Vargas-Martinez, 569 F.2d 1102, 1104 (9th Cir.1978); see also Kenney, 911 F.2d at 321. We cannot say the court's discretion was abused here.
 
 B
 
 17
 Colburn asked for a continuance on July 10, 1992 which the court denied on July 21, the first day of trial. He argues that this was an abuse of discretion because one of his other lawyers (Seitz) was unprepared and unwilling to represent Colburn, and another (McCahill) had only recently been appointed as Colburn's trial counsel.
 
 
 18
 Denial of a motion for continuance is reviewed for abuse of discretion. United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992). In determining whether the denial was reasonable, the court considers several factors: "whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant." Id. (quotation omitted).
 
 
 19
 Colburn had already received two continuances, in March and May, delaying trial more than one year after he was indicted. The government had already subpoenaed at least fifty witnesses, many from the mainland. Seitz could have tried the case, and the court told Colburn that any additional counsel would have to be prepared by March; yet Colburn still retained McCahill. The court did not abuse its discretion.
 
 C
 
 20
 Colburn also complains of error in denial of his motion for change of venue to Los Angeles, which we review for abuse of discretion. Dischner, 974 F.2d at 1523. Though Colburn, McCahill, and many of Colburn's witnesses lived on the mainland, Koach, his attorneys, the government's attorneys, the government witnesses, and FPI and its records were all in Hawaii. Under these circumstances, the district court did not abuse its discretion.
 
 D
 
 21
 Colburn submits that the court should not have refused to subpoena more than four witnesses for Colburn because their testimony was irrelevant or hearsay. However, nothing in the record suggests that the court incorrectly found that their testimony would be inadmissible. Sims, 637 F.2d at 629 (refusal to issue subpoena is "clearly appropriate" when the defendant "has failed to make a satisfactory showing" that the presence of the witness is necessary to an adequate defense); Fed.R.Crim.P. 17(b).
 
 E
 
 22
 Colburn argues that his cross-examination of Greenly, attorney DeMartino, and trustee Hayes was unreasonably restricted. We see no abuse of discretion. The court sustained objections to questions about mergers with unrelated entities and Greenly's knowledge of oil and gas transactions on which he was not an expert. It sustained objections to questioning DeMartino regarding prior lawsuits by FPI investors against FPI's accountant and lawyers because the questions assumed facts not in evidence and were beyond the scope of direct. It sustained objections to questions asked of Hayes after the conspiracy had ended because they were irrelevant, and to questions about whether Arthur Young thought insurance payoffs were "income" as irrelevant to whether they were represented as sales of plants. Other complaints similarly lack merit and do not constitute an abuse of discretion.
 
 F
 
 23
 Colburn also argues that exclusion of Wachi's testimony was an abuse of discretion, but for the same reasons we found none in Koach's appeal, we find none here. See part I.E, supra.
 
 G
 
 24
 Colburn contends that the court should not have excluded evidence that civil law suits had been filed against the company's accountants and lawyers. The district court did not err in concluding that the prior lawsuits were irrelevant to the issue of whether Colburn made misstatements or omissions, and so were properly excluded. Daly, 974 F.2d at 1216-17.
 
 H
 
 25
 Colburn argues that DeMartino, FPI's securities counsel who told FPI's board in September that it was committing fraud, violated his attorney-client privilege in testifying to that conversation. Whether a communication is governed by the attorney-client privilege is a mixed question of law and fact and is reviewed de novo. Dole v. Milonas, 889 F.2d 885, 888-89 (9th Cir.1989).
 
 
 26
 It was Colburn's burden to show the privilege applied. Id. at 889. Based on Colburn's affidavit, there was no attorney-client privilege between Colburn and DeMartino. See United States v. Layton, 855 F.2d 1388, 1406 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989); see also United States v. Plache, 913 F.2d 1375 1379-81 (9th Cir.1990).
 
 
 27
 * Colburn contends that his sentence is incomprehensible, illegal, and must be modified to reflect a single 48-month term pursuant to 18 U.S.C. Sec. 4205(b)(2), plus five years probation.
 
 
 28
 The legality of a sentence is reviewed de novo. United States v. Steele, 988 F.2d 998, 999 (9th Cir.1993) (per curiam). Colburn's sentence is not ambiguous and so need not be modified. He was convicted of 13 counts of securities fraud. For each count, the court imposed a 48-month sentence. Five counts were left at that. On four counts, he got a split sentence--six months in prison with the rest suspended and a five-year probation term. These counts are consecutive to the first group. For the other four, he got the same split sentences which were to be served consecutively to the first two groups. The two terms of probation were to run concurrently with each other. Thus the total sentence is 60 months (48 + 6 + 6) incarceration followed by five years probation.
 
 
 29
 Colburn also contends that the restitution ordered does not account for judgments and settlements already received by the victims in their suits against FPI's accountants and lawyers. He cites no authority for this proposition and points to no evidence showing what the proper amount of restitution should be. Therefore there are no grounds to find that the district court erred.
 
 III
 
 30
 * Koach argues that his tax sentences are illegal for several reasons. He was sentenced as to Count 98 to one year imprisonment; as to Count 99, he was sentenced to one year imprisonment with the execution of that sentence suspended and five years probation imposed; and as to Count 100, he was sentenced to one year imprisonment on the condition that he be confined in a jail-type institution for six months with the remainder of the imprisonment term suspended and be placed on probation for five years. The court directed that the sentences of imprisonment in the tax case be served consecutively to the terms of imprisonment imposed in the securities fraud case (four years).
 
 
 31
 The legality of a sentence is reviewed de novo. Steele, 988 F.2d at 999. The length of a pre-Guidelines sentence is not appealable if below the statutory maximum. Id.
 
 
 32
 Koach argues that his sentence for Count 100 is illegal because it requires incarceration followed by probation. The sentence for this count orders him to be imprisoned for one year, with the first six months "in a jail-type or treatment institution" and the remainder suspended followed by five years of probation. He argues that a sentence is illegal and must be vacated if it orders incarceration followed by probation, rather than incarceration as a condition of probation.
 
 
 33
 This is a typical split sentence, authorized in 18 U.S.C. Sec. 3651, requiring incarceration as a condition of probation. We have repeatedly found these sentences acceptable. See, e.g., Shabazz v. Carroll, 814 F.2d 1321, 1323 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). We do again here.
 
 
 34
 Koach further argues that the sentence in the written judgment differs from the oral pronouncement of sentence and is therefore void. The two differences Koach cites are the court's failure to state explicitly in its oral ruling that the six-month sentence is a condition of probation and that Koach can be confined in a treatment institution in addition to jail.
 
 
 35
 These arguments fail. "[W]hen there is no indication whether probation follows incarceration or incarceration is a condition of probation, [this court] assume[s] the latter." Shabazz, 814 F.2d at 1323 (citing United States v. Rodriguez, 682 F.2d 827, 829 n. 1 (9th Cir.1982)). The failure to state this explicitly cannot void the sentence. The omission of a "treatment institution" in the oral ruling is a difference of "form rather than substance." United States v. Velazco-Hernandez, 565 F.2d 583, 584 (9th Cir.1977) (per curiam).
 
 
 36
 Koach next submits that, when compared to sentences under the Guidelines (his is pre-Guidelines), he received a disparately harsh sentence. Under the Guidelines, violations of 26 U.S.C. Sec. 7203 are "rarely prosecuted," and pre-Guidelines, the average time served for this offense was 2.5 months. U.S.S.G. Sec. 2T.1.2, comment. (backg'd) (Nov. 1, 1990). He analogizes his longer than average sentence to an upward departure and argues that sentencing consistency and proportionality require a lower sentence, especially since he expected he would be sentenced near the average when he entered into his plea agreement. He also argues that these sentences create a disparity with Colburn.
 
 
 37
 Koach's arguments fail because pre-Guidelines, the length of a sentence was committed to the "sound discretion of the district court" and is not appealable if it is below the statutory maximum. United States v. Khan, 993 F.2d 1368, 1378 (9th Cir.1993).
 
 
 38
 Section 7203 has a maximum sentence of one year imprisonment. 26 U.S.C. Sec. 7203. Thus, the court could have imposed a total sentence of three years imprisonment. Since Koach's sentences total 18 months imprisonment followed by five years probation, they are within the statutory maximums and are not excessive or appealable. Khan, 993 F.2d at 1378.
 
 
 39
 Koach's sentence is not so disparate to others who violate 26 U.S.C. Sec. 7203 as to violate the Constitution. United States v. Hardy, 941 F.2d 893, 897 (9th Cir.1991). Moreover, Koach introduced no facts in the record comparing his sentence to others who committed similar offenses. Nor does it create a disparity with Colburn's sentence or signal an abuse of discretion; disparity in sentences among co-defendants does not mean the trial court abused its discretion. United States v. Endicott, 803 F.2d 506, 510 (9th Cir.1986). Colburn was not convicted of violating Sec. 7203, so to say there is a disparity between his sentence and Koach's Sec. 7203 sentence makes no sense. The district court did not err.
 
 B
 
 40
 Koach argues that the order denying his bail motion created an ambiguity which renders his sentence illegal and that the use of a split sentence coupled with the Bureau of Prison's non-aggregation policy results in a harsher sentence than if he had received definite 12-month and six-month sentences, probably because the split sentence makes him ineligible for parole. This argument lacks merit.
 
 
 41
 Split sentences may be imposed even in multi-count convictions where the resulting length of imprisonment exceeds six months. United States v. Entrekin, 675 F.2d 759, 762 (5th Cir.1982) (per curiam). Section 3651 states that "[p]robation may be limited to one or more counts or indictments, but in the absence of express limitation, shall extend to the entire sentence and judgment." Here, the court expressly limited the probation terms to be consecutive to Koach's prison terms.
 
 
 42
 To the extent that Koach's argument is that his split sentence should be aggregated with his securities fraud sentence so as to make him eligible for parole in less than two years, he raises a question relating to execution of his sentence which must be addressed in a writ of habeas corpus. Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). Norris v. White, 825 F.2d 21 (4th Cir.1987), on which he relies, is a habeas case.
 
 C
 
 43
 Koach argues that the Bureau of Prisons has interpreted his six-month sentence to be a detainer and challenges its refusal to aggregate that sentence with his others under 18 U.S.C. Sec. 4161. We decline to consider this issue, as it also is cognizable only in a habeas petition. See 28 U.S.C. Sec. 2241; Doganiere, 914 F.2d at 169-70.
 
 
 44
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Whether a jury instruction correctly states the elements of a statutory crime is reviewed de novo. United States v. Reese, 2 F.3d 870, 883 (9th Cir.1993), cert. denied, 114 S.Ct. 928 (1994). A court's formulation of jury instructions is reviewed for abuse of discretion, which occurs when the instructions as a whole are misleading or inadequate to guide the jury. Id
 
 
 [2]
 Koach objected to repetition of "reckless disregard" but did not propose a jury instruction defining willfulness. Thus the failure to define "willfulness" is reviewed for plain error, United States v. Powell, 932 F.2d 1337, 1341 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991), and the repetition of "reckless disregard" is reviewed for abuse of discretion, United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992)