117 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl Everett WARD, Defendant-Appellant.
 No. 97-30051.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the District of Montana Jack D. Shanstrom, District Judge, Presiding
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Darryl Ward appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction and sentence for conspiracy to manufacture, possession with intent to distribute, and distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 Ward contends that the district court erred by denying his section 2255 motion because the federal government lacked jurisdiction to prosecute him for intrastate drug activity which did not affect interstate commerce. Ward's argument is foreclosed by our decision in United States v. Tisor, 96 F.3d 370 (9th Cir.1996) (holding that Congress has the authority to criminalize intrastate drug activity under the Controlled Substances Act because such activity affects interstate commerce). Moreover, we note that at Ward's change of plea hearing, Ward admitted that the charged conspiracy involved receiving marijuana from Mexico and the Southwestern United States.
 
 
 4
 We reject Ward's argument that the district court erroneously construed his 28 U.S.C. § 2241 petition as one brought pursuant to 28 U.S.C. § 2255. See Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir.1987), amended on other grounds, 833 F.2d 149 (9th Cir.1987) (holding that section 2255 is in practice the exclusive remedy by which a federal prisoner may collaterally attack the legality of his conviction and sentence).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3