**Ronald G. BEAGLES, Plaintiff–Appellant,**

v.

**Maggie MILLER–STOUT, Superintendent; et al., Defendants–Appellees.**

No. 01–36123.

D.C. No. CV–01–00020–FVS.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 9, 2002 *.

Decided Sept. 19, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Ronald Beagles, a Washington state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of access to the courts, retaliation, denial of equal protection, and that his transfer violated Fed. R.App. P. 23(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim under the Prison Litigation Reform Act, 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed Beagles's claim that he was denied access to the law library because he failed to allege actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court properly dismissed Beagles's retaliation claim because he failed to allege that his transfer and placement in administrative segregation did not serve a legitimate penological goal. *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

The district court properly dismissed Beagles's equal protection claim because he failed to allege facts demonstrating that prison officials intended to discriminate against him when they allegedly transferred him without his legal paperwork. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir.1997).

The district court properly dismissed Beagles's claim that prison officials violated Fed. R.App. P. 23(a) because Beagles was transferred from one prison to another within the state of Washington. *Cf. Shabazz v. Carroll*, 814 F.2d 1321, 1324 (9th Cir .), *vacated in part on other grounds*, 833 F.2d 149 (9th Cir.1987) (transfer from one state to another did not prejudice prisoner because he could still pursue habeas action from transferee state which was located in same federal circuit).

We do not consider whether any defects could be cured by another amendment because Beagles was given leave to amend but chose to stand on his first amended complaint.

Beagles's remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.