David Paul HAMMER, Petitioner-Appellant,

v.

Larry MEACHUM, Director Oklahoma Department of Corrections and J. M. Sunderland, Respondents-Appellees.

No. 82–1569.

United States Court of Appeals, Tenth Circuit.

Oct. 27, 1982.

David Paul Hammer, pro se.

Jan Eric Cartwright, Atty. Gen., and Gloyd McCoy, Asst. Atty. Gen. of Okl., Okl. City, Okl., for respondents-appellees.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not

be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

■ This is an appeal from an order of the district court dismissing a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 (1976). The issue is whether petitioner's state procedural default precludes him from obtaining federal habeas review. We hold that it does.

Petitioner, an Oklahoma prisoner, pled guilty in May 1978 to charges of pointing a weapon at another after former conviction of a felony, and kidnapping after former conviction of a felony, and was sentenced to two concurrent fifteen-year sentences. No direct appeal was taken.

Subsequently in May 1979, the petitioner filed an application for post-conviction relief[1] in state court, claiming that his plea was involuntary and that he had been denied effective assistance of counsel. The matter was set for a hearing and an attorney was appointed to represent petitioner. After a four-day continuance, petitioner withdrew his application. He then unsuccessfully sought copies at public expense of all the documents on file in his case.

In October 1980, petitioner filed a second application for post-conviction relief in state court making the same allegations. The matter was again set for an evidentiary hearing. Before the hearing, however, the court dismissed the application sua sponte, apparently finding that the issues had been decided adversely to the petitioner because he had raised them in his prior application and then voluntarily dismissed the application. Petitioner did not appeal this dismissal. Rather, he filed a third application in May 1981, which was dismissed as successive. Again no appeal was taken.

Petitioner subsequently filed a petition for a writ of habeas corpus in the Oklahoma Court of Criminal Appeals. The court dismissed the petition stating:

---

1. Oklahoma's Post-Conviction Procedure Act, Okla.Stat. tit. 22, §§ 1080–1088 (1981), provides for both a post-conviction proceeding and an appeal from a final judgment entered in that proceeding.

Title 22 O.S.1971, *et seq.,* encompasses all of the common law remedies for attacking a conviction after the time in which a regular appeal has expired. The statute granting authority to file an application for post-conviction relief, also authorizes a timely filing of an appeal from the denial of said application. The time within which an appeal from the ruling of the District Court of Oklahoma County, denying petitioner's application for post-conviction relief, could be brought, has expired, and the petitioner may not raise, by praying for a writ of habeas corpus in this Court, previous grounds, alleged or which could have been alleged in his application for post-conviction relief in the district court.

Rec., Vol. I, at 16.

Petitioner then filed a petition in the federal district court seeking a writ of habeas corpus under 28 U.S.C. § 2254. The district court determined that petitioner's claims were barred from consideration by a federal habeas court because of his knowing bypass of established state procedures.

In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court held that a state prisoner who knowingly and deliberately bypasses state procedures intentionally relinquishes known rights and hence is precluded from federal habeas relief. Fourteen years later in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Court held that, absent a showing of both cause for noncompliance and actual prejudice, federal habeas relief is barred where a state prisoner has failed to comply with a state contemporaneous objection rule. The Court stated in a footnote that:

We have no occasion today to consider the *Fay* rule as applied to the facts there confronting the Court. Whether the *Francis* rule [*Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976)] should preclude federal habeas review of claims not made in accordance with state procedure where the criminal defendant has surrendered, other than for reasons of technical advantage, the right to have all of his claims of trial error considered by a state appellate court, we leave for another day.

433 U.S. at 88 n.12, 97 S.Ct. at 2507 n.12.

The law is unsettled as to whether the *Fay* test or the *Sykes* test applies where the state procedural default is a failure to appeal. *See, e.g., Crick v. Smith,* 650 F.2d 860 (6th Cir. 1981) (applying *Fay* deliberate bypass test where default was failure to appeal), *cert. denied,* 455 U.S. 922, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982); *Forman v. Smith,* 633 F.2d 634 (2d Cir. 1980) (applying *Sykes* where petitioner failed to raise issue on direct appeal), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981); *Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.) (applying *Sykes* where petitioner did not raise issue on direct appeal or preserve it at trial), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980); *Parton v. Wyrick,* 614 F.2d 154 (8th Cir.) (applying *Sykes* where issue not presented to state court on direct appeal), *cert. denied,* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980); *Boyer v. Patton,* 579 F.2d 284 (3d Cir. 1978) (concluding that *Sykes* did not offer direct guidance where default was failure to appeal).

We need not decide in this case whether *Fay* or the "narrower" standard of *Wainwright,* 433 U.S. at 87, 97 S.Ct. at 2506, applies here. Although petitioner contends that he was unaware of his appellate rights, the application form he signed when he sought post-conviction relief states:

I understand I have an absolute right to appeal to the Court of Criminal Appeals from the trial court's order entered in this case, but I must do so within thirty (30) days after the entry of the trial judge's order or I will have waived my right to appeal as provided by 22 O.S. 1971, § 1087 and Rule 42 of this court.

Rec., Vol. II, at 18. Thus, the district court's finding that petitioner made an informed choice not to appeal is fully supported by the record. *See Watkins v. Crouse,* 344 F.2d 927, 929 (10th Cir. 1965).

■ Petitioner also alleges that he was transferred from the Oklahoma State Reformatory in Granite, Oklahoma to the Con-

nor Correctional Center in Hominy, Oklahoma in violation of Fed.R.App.P. 23(a).[2] He seeks an order mandating that he be returned to the state reformatory. Respondent concedes that petitioner was transferred in violation of the rule.

Rule 23(a) prohibits the transfer of custody of a petitioner pending review of a decision in a habeas corpus proceeding filed by that petitioner in federal court, except by order of the court rendering the decision. "The rule was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending. *Jago v. U. S. District Court, N. D. Ohio, E. Div., at Cleveland,* 570 F.2d 618, 626 (6th Cir. 1978)." *Goodman v. Keohane,* 663 F.2d 1044, 1047 (11th Cir. 1981). *See also* 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 223.03 (2d ed. 1982). Accordingly, courts have held that transfers made in violation of the rule do not divest the reviewing court of its jurisdiction. *Goodman v. Keohane,* 633 F.2d at 1047; *see Cohen v. United States,* 593 F.2d 766, 767 n.2 (6th Cir. 1979); *Hudson v. Hardy,* 424 F.2d 854, 856 n.5 (D.C.Cir. 1970).

While we do not condone such blatant violation of the appellate rules, we nevertheless deny petitioner's motion because he has not been prejudiced by the transfer.

The district court's order dismissing the petition is affirmed, and petitioner's motion is denied. The mandate shall issue forthwith.

---

**2.** Rule 23(a) provides:

Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.