996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sidney A. POTTS, Petitioner-Appellant,
v.
UNITED STATES of America; T.R. Kindt, Warden, Respondent-Appellee.
 No. 92-6387.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees is granted; Petitioner's Motion for Order to Comply with Federal Rule of Appellate Procedure 23(a),[2] Motion Requesting Appointment of Counsel, and Motion for Expediated Consideration are denied.
 
 
 3
 The judgment is AFFIRMED for the reasons given in the Findings and Recommendations of Magistrate Judge Howland.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Rule 23(a) prohibits the transfer of custody of a habeas corpus petitioner pending review of the petition, except by order of the court rendering the decision. The purpose of the rule is to prevent officials from frustrating a prisoner's efforts at obtaining habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which the petition is pending. Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir.1982), cert. denied, 460 U.S. 1042 (1983). While it certainly appears that prison officials violated Rule 23(a), the transfer does not affect this court's ability to review the denial of the petition, and the Petitioner suffered no prejudice warranting a grant of his motion