74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy BLACK, Plaintiff-Appellant,
v.
David WALTERS, R. Michael Cody, Defendants-Appellees.
 No. 95-6243.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Timothy Black, an inmate of the State of Oklahoma, appearing pro se, appeals from the district court's order adopting the Report and Recommendation of United States Magistrate Judge Doyle W. Argo "... to the extent it finds that the Court should decline to hear a declaratory judgment action under the circumstances, that plaintiff seeks no relief available under section 1983, and that plaintiff's proper remedy if he wishes to challenge his confinement is a habeas corpus action." (R., Vol. I, Tab 24, p. 2). Judgment was entered on June 29, 1995, dismissing plaintiff's "... claim for declaratory relief ... with prejudice to refiling any action under 42 U.S.C.1983 based on the factual allegations of the complaint. This dismissal is without prejudice to the filing of any habeas corpus action plaintiff wishes to pursue." Id., Tab 25.
 
 
 3
 On appeal, Black complains that: he was illegally extradited to Arkansas and tried to prevent it, but was denied adequate inmate assistance; after the damage was done to him by the acts of defendants, he wanted to amend his complaint, but could not obtain any legal assistance to do so; his Eighth, Fifth, Sixth, Ninth, and Fourteenth Amendment rights have been violated; and, he has been denied access to the courts and adequate assistance of counsel.
 
 
 4
 This court has held that, under Fed. R.App. P. 23(a), a prison petitioner shall not be transferred to the custody of another institution unless authorized by the court where the habeas corpus proceeding is pending. Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir.1982), cert. denied, 460 U.S. 1042 (1983). Here, it is conceded that Black was transferred to Arkansas while his Oklahoma state habeas corpus petition challenging the Arkansas detainer was pending. The record in this case does not demonstrate that Black protested his removal and transfer after he was returned to the State of Arkansas. Hammer makes it clear that a petitioner must demonstrate prejudice by the transfer. Id.
 
 
 5
 Courts are constrained to construe pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, this court has dismissed pro se complaints for failure to allege sufficient facts to state a valid claim. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991); United States v. Staggs, 881 F.2d 1527, 1544 (10th Cir.1989).
 
 
 6
 We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986); Deepwater Ins. Ltd v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 7
 We have reviewed the entire record on appeal. We affirm substantially for the reasons set forth in the "Report and Recommendation" of United States Magistrate Judge Argo entered and dated May 15, 1995.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3