

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# Hairston v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hairston v. Nash" (2006). *2006 Decisions.* Paper 1628.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1628

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4809

ARTHUR L. HAIRSTON SR.,
                                                            Appellant
v.

WARDEN JOHN NASH

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 05-cv-2203)
District Judge: Honorable Freda L. Wolfson

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 27, 2006
BEFORE:  CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES
(Filed: February 7, 2006)

OPINION

PER CURIAM.

Arthur L. Hairston, Sr., appeals from an order of the United States District

Court for the District of New Jersey dismissing a habeas petition brought pursuant to 28

U.S.C. § 2241.  Hairston, who is currently incarcerated at the Federal Correctional

Institution at Fort Dix, New Jersey ("FCI-Fort Dix"), filed this action pro se, alleging that

1

he was transferred from the Federal Correctional Institution at Schulykill, Pennsylvania to FCI-Fort Dix in violation of both his due process rights and the proscriptions of Federal Rule of Appellate Procedure 23(a).

The District Court denied Hairston's petition on the merits, holding that Federal Rule of Appellate Procedure 23(a) was inapplicable, both because Hairston's appeal was not pending on appeal at the time he was transferred and because Hairston's § 2255 motion was not a habeas corpus petition. The District Court also addressed Hairston's due process contentions, noting that prison inmates do not have a liberty interest in being assigned to a particular institution or in avoiding transfers. See Dist. Ct. Op. at 5 n.2. Hairston timely filed this appeal, again proceeding pro se.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We employ a plenary standard of review for the District Court's legal conclusions and a clearly erroneous standard for findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). The Clerk listed the case for possible summary action, and Mr. Hairston has filed a motion in opposition. After reviewing the record and considering Hairston's arguments in his opposition motion, we conclude that this appeal presents no substantial question. We will, therefore, summarily affirm the District Court's judgment. See Third Cir. I.O.P. 10.6.

Hairston was approved by the Bureau of Prisons for a transfer on December 23, 2003. He was transferred to the Federal Detention Center in Philadelphia on January 5, 2004 and, from there, to FCI-Fort Dix on February 3, 2004. In his habeas petition,

2

Hairston asserts that the disruption engendered by this transfer put him at a disadvantage in his proceedings under 28 U.S.C. § 2255, which were then pending before the United States District Court for the Northern District of West Virginia.

We agree with the District Court that Hairston did not suffer a due process violation on account of his transfer, as the transfer implicated no protected liberty interest. See Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983). However, the crux of Hairston's argument appears to be that the timing of the transfer, rather than the resulting placement in a new institution, prevented him from effectively litigating his § 2255 motion. In particular, Hairston argues that, due to his transitory circumstances, he was unable to file an opposition to the Government's motion for an extension of time in the § 2255 case. Although Hairston expresses his concern as implicating "due process," it appears that he may have been attempting to raise an access-to-courts claim under the First Amendment. Such a claim, while not properly brought in a petition for habeas corpus, does not implicate the Due Process Clause and would not, therefore, be foreclosed by the absence of a protected liberty interest. See Allah v. Seiverling, 229 F.3d 220, 223-24 (3d Cir. 2000). We stress, however, that this potential First Amendment claim is not viable either, as Hairston has not demonstrated any actual injury. See Lewis v. Casey, 518 U.S. 343, 349 (1996). Hairston fails to explain how his § 2255 proceedings were prejudiced by his inability to oppose the Government's motion.

We agree with the District Court that Hairston's reliance on Federal Rule of Appellate Procedure 23(a) is misplaced, because Hairston's § 2255 motion was not on

3

appeal at the time he was transferred.[1]  Rule 23(a), on its face, provides in relevant part:

"*Pending review of a decision in a habeas corpus proceeding* commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule."  (Emphasis added).  This language makes clear that the Rule is inapplicable to habeas petitions for which no decision has been issued and which are, therefore, not "pending" appellate review.  Despite Hairston's assertion in his summary action response that his § 2255 motion was an appeal "in the infant stages," the procedural facts of this case clearly show that the § 2255 proceedings were before the District Court in West Virginia at the time Hairston was transferred, not the Fourth Circuit Court of Appeals.  Hairston's argument to the contrary is meritless.

For the foregoing reasons, we will summarily affirm the District Court's judgment.

---

[1]Because we affirm on this ground, we need not reach the District Court's alternative holding, that Rule 23(a) is inapplicable because Hairston's § 2255 motion is not a "true habeas corpus petition." We note, however, that Rule 23(a) does not appear to apply because Hairston's § 2255 motion could only be properly filed in the federal district court where his sentence was imposed, irrespective of Hairston's location or the location of his custodian.  See Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982) (the purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing them from the territorial jurisdiction of the court in which the petition is pending).  Even if Rule 23(a) did apply, Hairston would not be entitled to relief, as the transfer did not prejudice Hairston by affecting the § 2255 court's jurisdiction.  See id.