**\*AMENDED GLD-104**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4116
_____

LAMAR C. CHAPMAN, III,
                                    Appellant

v.

CHARLES MAIROANNA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:12-cv-00202)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2013

Before:  FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed: April 12, 2013)

_____

OPINION
_____

PER CURIAM

Lamar C. Chapman, III, a federal inmate currently incarcerated at the Metropolitan Correctional Center in Chicago, Illinois,[1] appeals from an order of the United States District Court for the Western District of Pennsylvania denying his habeas corpus petition pursuant to 28 U.S.C. § 2241. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. Chapman was convicted of six counts of forging checks in violation of 18 U.S.C. § 513(a) in 2011 following a jury trial in the United States District Court for teh Northern District of Illinois. The United States Court of Appeals for the Seventh Circuit affirmed his conviction on direct appeal. See United States v. Chapman, 692 F.3d 822 (7th Cir. 2012). Shortly after the Seventh Circuit affirmed, Chapman filed a motion pursuant to 28 U.S.C. § 2255 in the District Court for the Northern District of Illinois, and the sentencing judge denied his motion following a hearing. Chapman appealed this denial; however, the Seventh Circuit dismissed his appeal for his failure to pay the requisite filing fee.

In September 2012, Chapman filed his § 2241 petition, alleging that he is actually innocent of his conviction and that he was unable to adequately raise these claims in his §

---

[1] When Chapman filed his § 2241 petition, he was incarcerated at FCI Loretto, located within the Western District of Pennsylvania. When a prisoner is transferred while the litigation is pending, "habeas jurisdiction as a general matter continues to be in the

2

2255 proceedings because the sentencing judge summarily denied him an evidentiary hearing. On September 18, 2012, a Magistrate Judge recommended that Chapman's § 2241 petition be dismissed. On October 16, 2012, the District Court adopted the recommendation, overruled Chapman's objections, and denied Chapman's petition. Chapman then timely filed this appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a),[2] and "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1532, 1542 (3d Cir. 1996). Furthermore, we may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Generally, federal prisoners challenge the validity of their convictions or sentences through motions pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343 (1974). Section 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); In re

---

district where the prisoner was incarcerated at the time the habeas petition was filed." Blair-Bey v. Quick, 151 F.3d 1036, 1039 n.1 (D.C. Cir. 1998).
[2] A certificate of appealability is not required to appeal the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A motion under § 2255 is not "inadequate or ineffective" because the petitioner cannot meet the gatekeeping requirements of § 2255. Cradle, 290 F.3d at 539. However, this Court has held that § 2255 is "inadequate or ineffective" to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 petition. In re Dorsainvil, 119 F.3d at 252. In such a case, a petitioner may seek habeas relief under § 2241. Id.

As an initial matter, it appears that Chapman has attempted to use § 2241 to "appeal" the sentencing court's denial of his § 2255 motion. This he cannot do. See Hicks v. People of State of Mich., 218 F.2d 645, 646 (6th Cir. 1960) ("Habeas corpus is not a substitute for an appeal."). Furthermore, Chapman cannot rely upon In re Dorsainvil to show that § 2255 is "inadequate or ineffective" to test his claim of actual innocence because the conduct for which Chapman was convicted—forging checks—has not been "rendered non-criminal by an intervening Supreme Court decision." In re Dorsainvil, 119 F.3d at 252. Accordingly, the District Court properly denied Chapman's § 2241 petition.

IV.

Chapman has filed a motion with this Court requesting equitable relief pursuant to Fed. R. App. P. 23(a), which provides that "[p]ending review of a decision in a habeas corpus proceeding commenced . . . for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed

4

in accordance with this rule." The purpose of the rule "is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which the petition is pending." Strachan v. Army Clemency and Parole Bd., 151 F.3d 1308, 1313 (10th Cir. 1998) (citing Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982)). However, relief is only appropriate upon a showing that the change in custody prejudices the petitioner's ability to prosecute his pending claims. See Hammer, 691 F.2d at 961; Goodman v. Keohane, 663 F.2d 1044, 1047-48 (11th Cir. 1981).

Chapman has not demonstrated that he has suffered prejudice as a result of his transfer from FCI Loretto. An unauthorized change in custody in violation of Rule 23(a) does not divest this Court of jurisdiction over a pending habeas appeal. See Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Furthermore, Chapman asserts that he was transferred from FCI Loretto the day after he mailed his notice of appeal to the District Court; therefore, the Government cannot be charged with knowledge of Chapman's notice of appeal because the District Court had not yet docketed the notice. Accordingly, Chapman's transfer was not an unauthorized change in custody, and he is not entitled to relief under Rule 23(a).

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny Chapman's motion for reconsideration and notice of transfer violation and his motion for a briefing schedule and conditional or permanent release.

5