**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 12, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TIMOTHY D. LENERS,

    Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
STATE OF WYOMING; WYOMING
STATE PENITENTIARY WARDEN,*

    Respondents - Appellees.

No. 24-8008
(D.C. No. 1:23-CV-00121-SWS)
(D. Wyo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Timothy D. Leners, a Wyoming state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C.

§ 2254 habeas application. We deny his request for a COA and dismiss the matter.

_____

    * The Wyoming State Penitentiary Warden is substituted as a Respondent due to
Mr. Leners' transfer from the Wyoming Medium Correctional Institution to the Wyoming
State Penitentiary.

    ** This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

For eight months in 2017, Mr. Leners lived with Joyce Trout and her daughter in Nebraska. When Mrs. Trout ended her relationship with Mr. Leners in early December, she and her daughter returned to live with her husband, Chris Trout, in an apartment in Cheyenne, Wyoming. Mr. Leners remained in Nebraska with his wife and four children. But on December 23, upon Mrs. Trout's invitation, Mr. Leners packed his belongings and drove to her apartment in Cheyenne. Mr. Leners

> planned to oust Mr. Trout from the apartment, move in, and begin life anew with Mrs. Trout. The reunion did not go as planned. By the end of the day, Mr. Leners had shot Mr. Trout in the center of his chest. Mr. Leners, charged with attempted second-degree murder, claimed he shot in self-defense.

*Leners v. State*, 486 P.3d 1013, 1015 & n.2 (Wyo. 2021).

At trial, the jury heard Mr. Leners' and Mr. Trout's conflicting versions of the circumstances of the shooting through videos of Mr. Leners' police interviews and Mr. Trout's trial testimony. In addition to physical evidence from the scene of the shooting, the trial evidence included an audio recording from Mr. Leners' cell phone of his interactions with the Trouts beginning shortly after he arrived at the apartment in Cheyenne and continuing through the shooting. The jury found Mr. Leners guilty of attempted second-degree murder, rejecting his self-defense claim.

After the trial court denied Mr. Leners' motion for a new trial, the Wyoming Supreme Court (WSC) affirmed his conviction, holding that "[t]he evidence at trial devastated Mr. Leners' justification of self-defense." *Id.* at 1020. The WSC concluded the audio recording of the shooting "tracks Mr. Trout's testimony but does not comport

with any of Mr. Leners' differing accounts of what occurred." *Id.* at 1019-20.  It held

Mr. Trout's testimony was also corroborated by the lack of "physical signs that an

altercation occurred," the "pool of blood in the snow," and "an impact mark from a bullet

in the location where Mr. Trout said he fell and lay on his back." *Id.* at 1020 (internal

quotation marks omitted).

After the WSC also affirmed the trial court's denial of Mr. Leners' motion for a

sentence reduction, he filed a pro se petition for post-conviction relief asserting eight

claims of ineffective assistance of counsel.  The trial court held all claims were

procedurally barred, and the WSC denied review.

Mr. Leners filed a pro se § 2254 petition raising his post-conviction claims plus

one additional claim.  The district court granted the Respondents' motion to dismiss or

for summary judgment, holding that (1) Mr. Leners did not satisfy § 2254(d) as to claims

the state court decided on the merits, (2) portions of his claims were not cognizable in

habeas, and (3) he failed to overcome the state-court procedural default of his claims by

showing cause and prejudice or a fundamental miscarriage of justice.

## II.    Discussion

Where the district court denied Mr. Leners' claims on the merits, to obtain a COA

he "must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).  As to claims denied on procedural grounds, he must show "that jurists of reason

would find it debatable" "whether the district court was correct in its procedural ruling"

and "whether the petition states a valid claim of the denial of a constitutional right." *Id.*

Although we liberally construe Mr. Leners' pro se COA Application, we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A.    Claims Decided on the Merits in State Court

Among other contentions, Claim Five asserted ineffective assistance of counsel related to the admission of evidence and prosecutorial misconduct. Claim Six alleged the trial court was biased in denying Mr. Leners' new-trial motion. Concluding the WSC adjudicated these claims on the merits, the district court held he did not demonstrate that either adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

We deny a COA because Mr. Leners fails to show that reasonable jurists would debate the district court's assessment of these claims. First, he misunderstands the meaning of "adjudicated on the merits" in § 2254(d), and he ignores the WSC's rejection of his bias claim in affirming the denial of his sentence-reduction motion. Moreover, Mr. Leners cannot rely on evidence that was not before the state court to show error in the WSC's no-prejudice holding. *See Grant v. Royal*, 886 F.3d 874, 929 (10th Cir. 2018). He also cites no holding by the Supreme Court that the WSC either contradicted or unreasonably applied in adjudicating these claims, as required by § 2254(d)(1). And to the extent he challenges state-court factual determinations, he fails to demonstrate "an unreasonable determination" under § 2254(d)(2), and he does not overcome the presumption of correctness in § 2254(e)(1) with clear and convincing evidence.

4

**B.      Claim Not Cognizable in Habeas**

Citing *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998), the district court held that Claim Nine, asserting trial-court bias in the state post-conviction proceedings, was not cognizable in habeas.  We deny a COA because this ruling is not reasonably debatable.  Contrary to Mr. Leners' assertion, § 2254(b)(1)(B) does not define the scope of habeas review.  It provides exceptions to the exhaustion requirement in § 2254(b)(1)(A).

**C.      Insufficiently Briefed Claims**

Claims Two, Four, and Five alleged ineffective assistance of counsel related to (1) Mr. Leners' theory that the Trouts lured him to Wyoming to rob and kill him, (2) insufficient and unconstitutional jury instructions, and (3) violations of *Brady v. Maryland*, 373 U.S. 83 (1963), involving gunshot residue lab reports and evidence from his cell phone.  Claim Seven challenged his exclusion from attending the oral argument on his direct appeal.  Rather than addressing the district court's reasoning in ruling on these claims, Mr. Leners simply repeats his previous contentions of error.  We deny a COA because he cannot show the rulings are reasonably debatable when he fails "to explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

**D.      Procedurally Defaulted Claims**

Claims One, Three, and Five alleged ineffective assistance of counsel related to (1) false statements in the affidavit of probable cause, (2) denial of Mr. Leners' rights to bear arms and to self-defense, (3) prosecutorial misconduct, and (4) *Brady* violations

5

involving photographs of powder burns and the Trouts' criminal records. Claim Eight asserted appellate counsel was ineffective in failing to argue that trial counsel was ineffective. The trial court concluded these claims were procedurally barred, and the WSC denied review. The district court held Mr. Leners failed to overcome his procedural default by showing cause and prejudice or a miscarriage of justice.

We deny a COA because Mr. Leners does not show that the district court's rulings on these claims are reasonably debatable. First, there is no debate that these claims were procedurally defaulted in state court. Mr. Leners' contention regarding § 2254(b) confuses exhaustion with procedural default. And although he points to his unsuccessful motion to file a pro se appeal brief raising these claims, we are bound by the state courts' interpretation of state procedural requirements. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Next, Mr. Leners cannot obtain a COA on his contention that the state procedural ground was not independent when he failed to make that argument in the district court. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). Finally, as to his failure to overcome the procedural default, Mr. Leners offers no clear and convincing evidence rebutting the presumption that the WSC's factual determinations based on the trial record are correct. And reasonable jurists would not debate the district court's holding that he failed to demonstrate cause based on ineffective assistance of appellate counsel or a fundamental miscarriage of justice based on factual innocence.

### E.     Pending Motions

We deny Mr. Leners' seven pending motions. Regarding the contents of the record on appeal and Mr. Leners' COA Application: (1) the court has advised him that

our review is limited to the record that was before the district court; (2) the word limit for opening briefs applies to all parties, and the court permitted him to exceed that limit by 1,000 words; and (3) the court followed its local rules in receiving but not filing his other submissions.  Mr. Leners' motions regarding current prison conditions are unrelated to our consideration of his COA Application.  And although we do not condone prison officials' violation of Federal Rule of Appellate Procedure 23(a), Mr. Leners fails to show his transfer to a different facility prejudiced his ability to seek a COA.  *See Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir. 1982).

## III.    Conclusion

We deny a COA and dismiss this matter.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge